UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.:

JEREMY RYBAK,

    Plaintiff,                                                              COMPLAINT

v.

EXPERIAN INFORMATION SOLUTIONS, INC, and BANK OF AMERICA CORPORATION,

                                                                            DEMAND FOR JURY TRIAL

    Defendant.
_____/

## COMPLAINT

Plaintiff, Jeremy Rybak ("Plaintiff"), by and through counsel, files this Complaint against Defendant Experian Information Solutions Inc, ("Defendant Experian" or "Experian"), and Defendant Bank of America Corporation, ("Defendant BOA" or "BOA"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**DEMAND FOR JURY TRIAL**

3. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**PARTIES**

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

5. Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6. Defendant Bank of America Corporation is Delaware corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

**GENERAL ALLEGATIONS**

7. This is an action for damages and other relief brought by a consumer pursuant to the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. The FCRA restricts access to consumer credit reports except for specific, statutorily enumerated purposes under 15 U.S.C. §1681b.

8. Pursuant to 15 U.S.C. §1618b, a consumer report can be obtained only for the specific purposes stated thereunder, including for use in connection with a credit transaction that the consumer initiated, a firm credit offer, employment purposes, or a business transaction in which an individual has accepted personal liability for business credit.

9. Defendant BOA, without notice or permission, accessed Plaintiff's Experian Report without any permissible purpose or authorization.

10. Plaintiff did not provide Defendant BOA with authorization to obtain his credit report from Experian.

11. In or around December 2023, Plaintiff applied for a line of credit from Defendant BOA.

12. Defendant BOA denied Plaintiff's application and advised in a letter internally dated December 5, 2023, that Plaintiff could request in writing that his application be reconsidered.

13. In or about January 2024, Plaintiff requested in writing that his application be reconsidered by Defendant BOA and attached to his written request his most recent copy of his Experian Credit report showing his good credit standing.

14. On January 23, 2024, Defendant BOA made a hard inquiry on Plaintiff's Experian credit report without Plaintiff's authorization and without a permissible purpose, as Plaintiff had provided Defendant BOA with the most recent Experian report in his possession.

15. In February 2024, Plaintiff discovered the unauthorized hard inquiry made by Defendant BOA.

16. On February 22, 2024, Plaintiff submitted by certified mail a dispute to Defendant Experian requesting that Defendant Experian remove the hard inquiry by Defendant BOA off of his report.

17. On March 6, 2024, Defendant Experian provided Plaintiff with dispute results where Defendant Experian refused to remove the hard inquiry from Plaintiff's Experian report despite receiving evidence that the hard inquiry by Defendant BOA was unauthorized.

18. As of the filing of this complaint, Defendant Experian is still reporting the January 23, 2024, hard inquiry on Plaintiff's Experian report.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

20. Plaintiff incorporates by reference paragraphs ¶¶ 1-18 of this Complaint.

21. Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included the unauthorized hard inquiry by Defendant BOA and continues to include the same unauthorized information on Plaintiff's Experian report.

22. As of the filing of this complaint, the unauthorized hard inquiry is still listed on Plaintiff's Experian credit report.

23. Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

24. Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

25. Despite Defendant Experian having received Plaintiff's dispute of the unauthorized hard inquiry and request to remove it, Experian continues to report the unauthorized hard inquiry on Plaintiff's Experian report.

26. Continuing to report the unauthorized inquiry is significant.

27. By continuing to report unauthorized inquiry, lenders believe Plaintiff has recently agreed to have a creditor pull his Experian Credit report in the hopes of receiving a credit line; reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

28. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing unauthorized hard inquiry would cause a lower credit score to be generated.

29. Experian failed to conduct a reasonable investigation and reinvestigation.

30. Experian failed to review and consider all relevant information submitted by Plaintiff.

31. Experian failed to conduct an independent investigation and, instead, deferred to Defendant BOA, when they permitted unauthorized hard inquiry to remain on Plaintiff's credit report after Plaintiff's dispute.

32. Experian possessed evidence that the hard inquiry was unauthorized as described by Plaintiff in the Dispute; however, Experian failed to remove the unauthorized hard inquiry.

33. Experian's reporting of the unauthorized hard inquiry, which is the subject of the Dispute, despite evidence that said information is unauthorized, demonstrates Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

34. Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from the Defendant BOA despite being in possession of evidence that the hard inquiry was unauthorized.

35. Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

36. Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

37. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

38. Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's

disputes of the information contained in Plaintiff's Experian credit report.

39. Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

40. Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

41. The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

42. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

43. The appearance of the accounts on Plaintiff's credit report, namely, the accounts identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

44. As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

45. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

46. Plaintiff incorporates by reference paragraphs ¶¶ 1-18 of this Complaint.

47. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

48. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

49. On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the unauthorized hard inquiry.

50. Additionally, Experian negligently failed to report the unauthorized hard inquiry identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

51. Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

52. The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

53. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

54. As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

55. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant BOA)

56. Plaintiff incorporates the paragraphs ¶¶ 1-18 and by reference of this Complaint.

57. Defendant BOA is a financial institution.

58. On January 23, 2024, Defendant BOA made a hard inquiry on Plaintiff's Experian credit report without Plaintiff's authorization and without a permissible purpose, as Plaintiff had provided Defendant BOA with the most recent Experian report in his possession.

59. Defendant BOA knowingly, willfully, and recklessly violated the FCRA by obtaining Plaintiffs' and the Class members' consumer credit report upon false pretense and without a statutorily permissible purpose. 15 U.S.C. § 1681b; 1681q; 1681n and §1681o.

60. WHEREFORE, Plaintiff demands judgement against Defendant BOA for: [1] actual and compensatory damages as provided for in the Fair Credit Reporting Act; [2] punitive damages as provided for in the Fair Credit Reporting Act; [3] a declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b; [4] an order requiring that the Defendants return Plaintiff's confidential consumer report and destruction of any copies; [5] attorney's fees and costs as provided in any applicable contract, rule or statute; and [6] such other and further relief as the Court shall deem just and proper.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: March 8, 2024

                                      Respectfully Submitted,

                                      /s/ Jennifer G. Simil
                                    **JIBRAEL S. HINDI, ESQ.**
                                    Florida Bar No.: 118259
                                    E-mail:   jibrael@jibraellaw.com
                                    **JENNIFER G. SIMIL, ESQ.**
                                    Florida Bar No.: 1018195
                                    E-mail:   jen@jibraellaw.com
                                    The Law Offices of Jibrael S. Hindi
                                    110 SE 6th Street, Suite 1744
                                    Fort Lauderdale, Florida 33301
                                    Phone: 954-907-1136
                                    Fax: 855-529-9540

                                    *COUNSEL FOR PLAINTIFF*

PAGE | **10** of **10**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com