UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.  9:24-cv-80272-DMM

JEREMY RYBAK,

       Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
AND BANK OF AMERICA, CORPORATION

       Defendants.
_____/

### DEFENDANT BANK OF AMERICA, N.A.'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Bank of America, N.A. ("BANA"),[1] pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Court to dismiss Plaintiff Jeremy Rybak's ("Plaintiff") First Amended Complaint ("Amended Complaint") [D.E. 26] with prejudice for failure to state a claim on which relief can be granted.  As grounds therefore, BANA states as follows:

### INTRODUCTION

Following BANA's Motion to Dismiss [D.E. 17] Plaintiff's initial Complaint [D.E. 1], Plaintiff filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B).  Yet as BANA asserted in its initial Motion to Dismiss, Plaintiff's claim that BANA violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), because BANA allegedly made a hard inquiry on Plaintiff's credit report on January 23, 2024 ("Inquiry") without a permissible purpose, must

---

[1] BANA was improperly named "Bank of America Corporation" in the Complaint.  Bank of America Corporation is the ultimate parent company of BANA and does not engage in day-to-day lending or account activity.  BANA is the entity from which Plaintiff requested a line of credit, not Bank of America Corporation.  Thus, BANA is the proper Defendant.

fail as Plaintiff's allegations in the Amended Complaint outline BANA's many permissible purposes under the FCRA to make the Inquiry. *See* 15 U.S.C §§ 1618b(a)(2), (a)(3)(A), (a)(3)(F). Indeed, "[t]he first and most well-recognized express permissible purpose under the FCRA is where the person requesting the report 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished....'" *Beckford v. Clarity Servs., Inc.*, No. 8:20-CV-2718-30SPF, 2021 WL 2980534, at *2 (M.D. Fla. July 13, 2021) (dismissing amended complaint alleging FCRA claim based lack of permissible purpose where Plaintiff applied for loan with prejudice) (quoting 15 U.S.C §1618b(a)(3)(A)). "[P]roviding consumer credit reports ***in connection with a loan application*** is unquestionably a permissible purpose" under the FCRA. *Beckford*, 2021 WL 2980534, at *3 (emphasis added) (quoting *Aleksic v. Clarity Servs., Inc.*, No. 13-cv-07802, 2015 WL 4139711, at *11 (N.D. Ill. July 8, 2015)). *Hernandez v. Int'l Mall Motor Co.*, No. 06-21516-CIV, 2007 WL 9702903, at *5 (S.D. Fla. Mar. 19, 2007) ("the allegations clearly demonstrate that Defendant had a permissible purpose for obtaining and using Plaintiff's consumer credit report, i.e., in order ***to arrange financing requested by Plaintiff***.") (emphasis added) (citing 15 U.S.C §§ 1618b (a)(3)(F)(i)).

While Plaintiff attaches a letter ("Request for Reconsideration") to the Amended Complaint to support his assertion that he did not authorize BANA to make the Inquiry, the Request for Reconsideration does not state BANA was not authorized to make the Inquiry, nor does it limit BANA's permission to review any credit report. *See* D.E. 26-1. No law suggests that the Request for Reconsideration and the credit report purportedly submitted with it somehow deprive BANA of its ability to make the Inquiry on Plaintiff's credit prior to extending him a loan. As a matter of common sense, lenders must be able to evaluate the creditworthiness of potential borrowers before providing loans, despite an applicant's alleged provision of his/her purported

2

credit report.

Like Plaintiff's initial Complaint, Plaintiff's Amended Complaint continues to allege facts that undermine and contradict his own FCRA claim. The Amended Complaint alleges that "Plaintiff applied for a line of credit from [BANA]" and later "Plaintiff requested in writing his application be reconsidered by [BANA]." D.E. 26, ¶¶ 10, 12. That said, the Amended Complaint concedes that the FCRA permits BANA to make the Inquiry for "specific purposes stated thereunder, including for use in connection with a credit transaction that the consumer initiated," which is exactly what Plaintiff alleges occurred in this case. D.E. 26, ¶ 7. Thus, construing the allegations of the Amended Complaint as true, even Plaintiff concedes BANA had a permissible purpose under the FCRA.

In sum, because the Inquiry was made in connection with Plaintiff's application and written renewal of the same application for an extension of a line of credit from BANA, BANA had many permissible purposes under the FRCA to make the Inquiry, to wit: (i) because the Inquiry was made in connection with a credit transaction involving an extension of credit, (ii) because the Inquiry was made for a legitimate business need in evaluating Plaintiff's credit worthiness in connection with a business transaction initiated by Plaintiff, and (iii) because the Inquiry was made in accordance with the written instructions of Plaintiff. The FCRA authorizes BANA to make a hard inquiry on credit reports for all of these reasons. *See* 15 U.S.C §§ 1618b(a)(2), (a)(3)(A), (a)(3)(F). Construing the facts alleged as true in and in a light most favorable to Plaintiff, Plaintiff cannot state a claim for relief under the FCRA relating to the Inquiry. As shown in Plaintiff's Amended Complaint, no further amendment will help Plaintiff state a viable claim for relief arising out of the Inquiry as BANA is authorized to make the Inquiry under the FCRA. Thus, further amendment of the Amended Complaint would be futile, warranting dismissal with prejudice.

## **LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.*

This first step in determining whether the plaintiff has stated a plausible claim is identifying which allegations are accepted as true. *Iqbal*, 556 U.S. at 677–80. Although a court must accept all well-pleaded factual allegations as true, it need not accept unsupported legal allegations, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events. *See Brigliadora v. Wells Fargo Bank, N.A.*, 8:10-CV-01944-EAK, 2011 WL 940317, at *2 (M.D. Fla. Mar. 17, 2011); *Jewelry Repair Enters., Inc. v. Son Le Enters., Inc.*, 9:15-CV-81622-BB, 2016 WL 557057, at *2 (S.D. Fla. Feb. 12, 2016).

After determining which factual allegations are presumed true, a court must determine whether the well-pleaded facts state a plausible claim for relief. *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556 (internal quotations omitted)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557) (internal quotations omitted)).

"A court may … dismiss a case with prejudice when amendment would be futile." *Chiron Recovery Ctr., LLC v. United Healthcare Servs., Inc.*, 438 F. Supp. 3d 1346, 1356 (S.D. Fla. 2020) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)); *In re Fundamental Long Term Care, Inc.*, 873 F.3d 1325, 1347 (11th Cir. 2017) (upholding dismissal with prejudice, stating that "a court generally does not abuse its discretion where future amendments would be futile….").

## ARGUMENT

Based on the well-pled allegations in the Amended Complaint, and based on Plaintiff's own construction of the FCRA, BANA had multiple proper statutory purposes under the FCRA to make the Inquiry; and thus, Plaintiff failed to state a claim under Fed. R. Civ. P. 12(b)(6). Because the only well pled factual allegations in the Amended Complaint concern the Inquiry, which was authorized under the FCRA, Plaintiff will not be able amend the Amended Complaint to attempt to state a claim in a manner that would not contradict the allegations in the Amended Complaint, making any amendment futile and justifying dismissal with prejudice.

First, Plaintiff's threadbare, conclusory, and contradictory allegations that, for example, (i) "[BANA] had no authorization nor any permissible purpose to make a hard Inquiry into Plaintiff's Experian credit report" and that (ii) "BANA knowingly, willfully, and recklessly violated the FCRA by obtaining Plaintiffs' [*sic*] consumer credit report under false pretense and without a statutorily permissible purpose[,]" are not entitled to a presumption of truth on a Fed. R. Civ. P. 12(b)(6) motion to dismiss. D.E. 26, ¶¶ 16, 26; *see also* D.E. 26, ¶¶ 8, 18, 25; *see, e.g.*, *Miller v. CitiMortgage, Inc.*, No. 611CV1337ORL22DAB, 2012 WL 12904291, at *9, 10 (M.D. Fla. Jan. 30, 2012) (dismissing FCRA claim, finding "Plaintiff has failed to plead a plausible claim for relief for a violation of 15 U.S.C. § 1681b(f)" because complaint only included "conclusory" allegations

5

"that Defendant[s] … 'willfully or negligently violated § 1618b(f) by willfully using false pretenses or knowingly without a permissible purpose to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined by 15 U.S.C. § 1681b'"); *see Iqbal*, 556 U.S. at 677–80; *Brigliadora*, 2011 WL 940317, at *2; *Jewelry Repair Enters.*, 2016 WL 557057, at *2; *Rohde v. Bank of Am., N.A.*, 591 F. App'x 932, 933 (11th Cir. 2015) (upholding dismissal of compliant reciting legal conclusions unsupported by facts, stating "[i]n considering a motion to dismiss, we must accept as true all facts alleged in the complaint…. We need not, however, accept as true the complaint's legal conclusions.").

In addition, the allegations in the Amended Complaint that are contradicted by an exhibit attached thereto are not entitled to a presumption of truth; rather, the exhibit controls. *See Principal Bank v. First Am. Mortg., Inc.*, No. 2:10-CV-190-FTM, 2014 WL 1268546, at *2 (M.D. Fla. Mar. 27, 2014) ("[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." (citing *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205–06 (11th Cir. 2007))). In the Amended Complaint, Plaintiff alleges that, based on his Request for Reconsideration, he "only gave [BANA] permission to review the credit report provided." D.E. 26, ¶ 15. Yet the Request for Reconsideration merely asks BANA review the credit report allegedly submitted with it and reconsider Plaintiff's initial application; it contains no directive or any language at all to prevent BANA from reviewing Plaintiff's credit report or making the Inquiry. *See* D.E. 26-1. Thus, the plain language of the Request for Reconsideration contradicts Plaintiff's conclusory allegation that he only permitted BANA to review the sole credit report he allegedly provided and therefore warrants no presumption of truth. *See* D.E. 26 at ¶ 15; *see also* D.E. 26, ¶¶ 8, 9, 13–17, 19, 21, 25.

"To state a FCRA claim of willful or knowing acquisition of a consumer report, a plaintiff must [plead] each of the following: (i) that there was a consumer report, (ii) that defendants used or obtained it, (iii) that they did so without a permissible statutory purpose, and (iv) that they acted with the specified culpable mental state." *Jimenez v. Acct. Servs.*, 233 F. Supp. 3d 1359, 1365 (S.D. Fla. 2017) (citations omitted). Here, because Plaintiff fails to plead ultimate factual allegations entitled to a presumption of truth on a Fed. R Civ. P. 12(b)(6) motion to dismiss that BANA lacked a permissible statutory purpose to make the Inquiry, as such allegations are contradicted by the other allegations in the Amended Complaint and the statutory text of the FCRA, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

### I.    Plaintiff's Claim Fails, Because BANA Had Multiple Permissible Purposes Under the FCRA to Make the Inquiry.

Construing Plaintiff's well-pled allegations as true and in a light most favorable to Plaintiff, the Amended Complaint fails to state a claim for any violation of the FCRA, as BANA had multiple permissible purposes to make the Inquiry under the FCRA. Plaintiff acknowledges that "[p]ursuant to 15 U.S.C. § 1618b, a consumer report can be obtained only for the specific purposes stated thereunder, ***including for use in connection with a credit transaction that the consumer initiated***...." D.E. 26, ¶ 7 (emphasis added). Among the "purposes stated" under the FCRA are those that specifically authorize a consumer report to be obtained by BANA: (i) "[i]n accordance with the written instructions of the consumer to whom it relates[;] (ii) where BANA "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer"; and (iii) where BANA "has a legitimate business need for the information in connection with a business transaction that is initiated by the consumer[.]"

15 U.S.C §§ 1618b(a)(2), (a)(3)(A), (a)(3)(F).[2] Here, based exclusively on the allegations in the Amended Complaint, and even based on Plaintiff's construction of the FCRA, the Inquiry was authorized under all three sections of the FCRA.

> **A.  BANA's Inquiry Was Authorized Under 15 U.S.C § 1618b(a)(3)(A) Because of Plaintiff's Initiation of a Credit Transaction with BANA.**

"The first and most well-recognized express permissible purpose under the FCRA is where the person requesting the report "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished ...." *Beckford*, 2021 WL 2980534, at *2 (M.D. Fla. July 13, 2021) (quoting 15 U.S.C. § 1681b(a)(3)(A)). In *Beckford*, as here, the defendant credit reporting agency moved to dismiss an identical FCRA claim based on a consumer's "application for a loan" from a lender. 2021 WL 2980534, at *2. The Middle District of Florida dismissed the plaintiff's FCRA claim *with prejudice* because it was undisputed based on the allegations in the complaint that the plaintiff "applied for … credit" which was "plainly a permissible purpose under the FCRA." *Beckford*, 2021 WL 2980534, at *3. Indeed, "providing consumer credit reports in connection with a loan application is unquestionably a permissible purpose…." *Id.* (quoting *Aleksic*, 2015 WL 4139711, at *11).

Here, Plaintiff alleges, that "Plaintiff applied for a line of credit from [BANA]" and later "Plaintiff requested in writing his application be reconsidered by [BANA]." D.E. 26 at ¶¶ 10, 12. Both of these provide BANA with a permissible purpose under the FCRA, as Plaintiff appears to concede that BANA may make the Inquiry under the FCRA for "specific purposes stated

---

[2] Although Plaintiff does not plead that BANA is a "person" under 15 U.S.C. § 1681a(b), BANA assumes that Plaintiff seeks to apply the FCRA to BANA under 15 U.S.C § 1618b(f). Based on the Amended Complaint, it appears Plaintiff's claim alleges that BANA obtained Plaintiff's credit report in violation of only 15 U.S.C § 1618b(f)(1): without "a purpose for which the consumer report is authorized to be furnished under this section[,]" as Plaintiff does not allege BANA lacked proper certification under 15 U.S.C § 1618b(f)(2).

8

thereunder, including for use in connection with a credit transaction that the consumer initiated," which is exactly what Plaintiff alleges occurred in this case. D.E. 26, ¶ 7. Based on Plaintiff's allegations that BANA violated the FCRA in connection with Plaintiff's application for and Plaintiff's renewal of his application for a line of credit, BANA had a permissible purpose to make the Inquiry under 15 U.S.C. § 1681b(a)(3)(A), and thus Plaintiff failed to state a claim under the FCRA. *See, e.g.*, *Beckford*, 2021 WL 2980534, at *3.

    **B.** ***BANA's Inquiry Was Authorized Under 15 U.S.C § 1618b(a)(3)(F)(i) Because of BANA's Legitimate Business Need to Evaluate Plaintiff's Credit in Connection with Plaintiff's Application for a Line of Credit.***

Given that Plaintiff applied for a line of credit and renewed his application for a line of credit from BANA, BANA "had a legitimate business need for the information in connection with a business transaction that is initiated by the consumer[.]" *Brown v. Vivint Solar, Inc.*, No. 818CV2838T24JSS, 2020 WL 1332010, at *4 (M.D. Fla. Mar. 23, 2020) (citing 15 U.S.C. § 1681b(a)(3)(F)). As shown by the Exhibit to Plaintiff's Amended Complaint, and as alleged by Plaintiff, "***Plaintiff requested*** in writing that his application be reconsidered by Defendant [BANA,]" thereby initiating what is clearly a business transaction by renewing his application for a line of credit. D.E. 26, ¶¶ 12 (emphasis added), 14; D.E. 26-1 ("I would like you to … reconsider my application for credit."). Courts have dismissed FCRA claims where plaintiffs seek financing from the defendant, "as the allegations clearly demonstrate that Defendant had a permissible purpose for obtaining and using Plaintiff's consumer credit report, i.e., in order to arrange financing requested by Plaintiff." *See, e.g.*, *Hernandez*, 2007 WL 9702903, at *5 ("because the Court concludes that Defendant had a permissible purpose for obtaining Plaintiff's consumer credit report, Plaintiff has failed to state a claim for which relief may be granted under § 1681q"); *see id.* at *5 n.13 ("The FTC Commentary provides examples of 'legitimate business needs,' stating that,

9

'[f]or example, a consumer report may be obtained on a consumer who applies to rent an apartment, offers to pay for goods with a check, ***applies for a checking account or similar service***….*"* (quoting 16 C.F.R. pt. 600, App.) (emphasis added)); *see also Meeks v. Murphy Auto Grp., Inc.*, No. 8:09-CV-1050-T-TBM, 2010 WL 5174525, at *8 (M.D. Fla. Dec. 15, 2010), *aff'd*, 441 F. App'x 683 (11th Cir. 2011) ("Plaintiff unquestionably initiated this transaction and sought credit to purchase the vehicle. Regardless of the fact that it did not extend credit, the proffered testimony from Defendant's employees, undisputed by the Plaintiff, establishes the legitimate business purpose.").

On a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must determine whether a claim has facial plausibility, which "is 'a context-specific task that requires the reviewing court to draw on its judicial experience ***and common sense***.'" *Kissner v. McDonald's Corp.*, No. 18-CV-61026-WPD, 2018 WL 5832979, at *2 (S.D. Fla. Nov. 2, 2018) (emphasis added) (citing *Iqbal*, 556 U.S. at 679). It is common sense that BANA had a legitimate business need to make the Inquiry to process and evaluate Plaintiff's application for a line of credit, thereby demonstrating BANA had a permissible purpose under 15 U.S.C. § 1681b(a)(3)(F).

        **C.**    **BANA's Inquiry Was Authorized Under 15 U.S.C § 1618b(a)(2) Because of Plaintiff's Written Instructions.**

Finally, Plaintiff alleges that both his application and request for renewal of his application were "in writing[,]" demonstrating that Plaintiff gave "permission to [BANA] to obtain the consumer report" (i.e., BANA made the Inquiry) "[i]n accordance with the written instructions of the consumer to whom it relates." *Brown*, 2020 WL 1332010, at *4 (citing 15 U.S.C. § 1681b(a)(2)); 15 U.S.C. § 1681b(a)(2).

It is common sense that Plaintiff permitted BANA to make the Inquiry through his own written instructions such that BANA could process and evaluate his creditworthiness before

10

extending a line of credit. *See Kissner*, 2018 WL 5832979, at *2. In addition, Plaintiff's Request for Reconsideration specifically directs BANA to review his credit report and reconsider his application for credit. *See* D.E. 26-1. A reasonable construction of the Request for Reconsideration would not limit BANA's ability to make the Inquiry, despite Plaintiff's inclusion of his credit report, as Plaintiff included no language limiting BANA's permission to make the Inquiry and Plaintiff authorized BANA to use his credit report in his initial application, which he specifically requests BANA reconsider. Thus, BANA had a permissible purpose under 15 U.S.C. § 1681b(a)(2) to make the Inquiry. *See, e.g.*, *Meeks*, 2010 WL 5174525, at *7 (M.D. Fla. Dec. 15, 2010) (concluding "that Defendant acted with a permissible purpose in each of the credit pulls at issue in this suit…. it is indisputable that Defendant acted in accordance with the written authorizations of Plaintiff, granted in the credit applications, which permitted Defendant to investigate her credit history and pull her credit report and scores.").

Finally, as a matter of common sense, it is hard to understand how a lender's examination of a credit report pursuant to a consumer's own application for an extension of credit would violate the FCRA as the entire purpose of credit reporting is to provide lenders with the ability to examine a consumer's creditworthiness prior to extending credit to that consumer. If the allegations in the Amended Complaint constituted a violation of the FCRA, lenders would be unable to evaluate the creditworthiness of potential applicants for loans prior to providing such loans. As a matter of public policy and common sense, this Court should not construe the Inquiry, made pursuant to Plaintiff's application for a loan, to be a violation of the FCRA, as it would prevent lenders from examining the creditworthiness of loan applicants prior to extending credit.

II. **The Complaint Should be Dismissed with Prejudice, Because No Amendment of the Complaint Could Possibly State a Claim.**

As in *Beckford*, the Court should dismiss the Amended Complaint with prejudice as

Plaintiff "cannot add anything additional to plausibly allege any of h[is] claims." *Beckford*, 2021 WL 2980534, at *3. Given that Plaintiff alleged that he made the application and the written request to renew his application for a line of credit from BANA, it will be impossible for Plaintiff to add any allegations that plausibly state a claim for relief, as these allegations are the heart of Plaintiff's FCRA claim. D.E. 26, ¶¶ 10, 12. Any amendment of the Amended Complaint to avoid dismissal will require Plaintiff to allege that he did not initiate the application or renewal for a line of credit in writing, which allegations will be directly contradicted by the allegations contained in the Amended Complaint. "[A] plaintiff may not directly contradict the facts set forth in an original complaint in a[] 'transparent attempt ... to amend his pleading[s] in order to avoid a dispositive defense' raised by a defendant and where the amended complaint directly contradicts the original complaint." *Shores Glob., LLC v. Njord's Ark A/S*, No. 21-CV-20623, 2023 WL 2838078, at *4 (S.D. Fla. Feb. 3, 2023) (quoting *Colliton v. Cravath, Swaine & Moore LLP*, 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008)). "In these circumstances, a court may 'disregard the contradictory and manipulated allegations of an amended pleading.'" *Shores Glob.*, 2023 WL 2838078, at *4 (quoting *Barris v. Hamilton*, 1999 WL 311813, at *2 (S.D.N.Y. May 17, 1999)); *see QSGI, Inc. v. IBM Glob. Fin.*, No. 11-80880-CIV, 2012 WL 1150402, at *4 (S.D. Fla. Mar. 14, 2012) (disregarding "conclusory allegations … because they are contradicted by other specific factual allegations in the complaint."); *U.S., ex rel. Carroll v. JFK Med. Ctr.*, No. 01-8158-CIV, 2002 WL 31941007, at *2 (S.D. Fla. Nov. 15, 2002) ("This Court need not accept facts that are internally inconsistent, facts that run counter to facts which the court may take judicial notice of, conclusory allegations, unwarranted deductions, or mere legal conclusions.").

Courts typically grant "at least one opportunity to amend before the court dismisses with prejudice, ***unless doing so would be futile*** because a more carefully crafted complaint would still

12

not be able to state a claim...." *Woodroffe v. Fla. Dep't of Fin. Servs.*, 774 F. App'x 553, 554 (11th Cir. 2019) (emphasis added). Here, Plaintiff already had an opportunity to amend his initial Complaint. That the Amended Complaint remains defective proves that further "amendment would be futile" and justifies dismissal with prejudice. *Beckford*, 2021 WL 2980534, at *3; *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999); *In re Fundamental Long Term Care, Inc.*, 873 F.3d 1325, 1347 (11th Cir. 2017) ("[A] court generally does not abuse its discretion where future amendments would be futile or unfairly prejudicial.").

## CONCLUSION

WHEREFORE, Defendant Bank of America, N.A., respectfully requests this Honorable Court dismiss Plaintiff Jeremy Rybak's First Amended Complaint *with prejudice* pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted and provide such other and further relief as this Honorable Court deems just and proper.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Pursuant to Southern District of Florida Local Rule 7.1(a)(3) no pre-filing conference is required for motions "to dismiss for failure to state a claim upon which relief can be granted[.]"

Dated: May 28, 2024							Respectfully submitted,

									**McGUIREWOODS LLP**

									By      */s/ Jackson M. Story*
										Jason R. Bowyer
										Florida Bar No. 0693731
										Jackson M. Story
										Florida Bar No. 1032001
										50 N. Laura Street, Suite 3300
										Jacksonville, Florida 32202
										(904) 798-3200
										(904) 798-3207 (fax)
										jbowyer@mcguirewoods.com
										jstory@mcguirewoods.com
										flservice@mcguirewoods.com
										fladmin@mcguirewoods.com

									*Attorneys for Defendant Bank of America, N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on May 28, 2024. I also certify that the foregoing document is being served this day via transmission of Electronic Filing generated by CM/ECF on the following counsel:

Jennifer G. Simil, Esq.
Gerald Donald Lane, Jr., Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
jen@jibraellaw.com
gerald@jibraellaw.com
*Attorneys for Plaintiff*

                                                      */s/ Jackson M. Story*
                                                         Attorney